IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TOYOKA K. PARSONS,
 Plaintiff,

vs.             Case No. 3:09cv254/WS/EMT

OKALOOSA COUNTY
SCHOOL DISTRICT, et al.,
 Defendants.
_____/

**O R D E R**

  Plaintiff, appearing pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 2000 (Title VII) and 42 U.S.C. § 12101 (Americans with Disabilities Act) (Doc. 1). Plaintiff paid the filing fee (Doc. 7) and, as directed by the court, supplied a copy of her right to sue letter (Doc. 9). Upon review of the complaint, the court concludes that Plaintiff should be required to clarify whom she wishes to name as Defendants in this action before the matter proceeds. Therefore, Plaintiff will be required to file an amended complaint.

  In her complaint Plaintiff names four Defendants: the Okaloosa County School District; Mr. Coleman, principal of Crestview High School; Mr. Barlow, an aide at Crestview High School; and Mr. Farley, who is identified as the Program Director of Equal Opportunity for the Okaloosa School District. Plaintiff alleges that, during her employment as a teacher's aide with the Okaloosa County School District at Crestview High School, Defendants discriminated against her on the basis of her gender and her physical disability by failing to accommodate her disability and retaliating against her (Doc. 1 at 3).

  Plaintiff does not specify whether she sues the Defendants in their official capacities, individual capacities, or both. Plaintiff is advised that relief under Title VII and the Americans with Disabilities Act is only available against employers and supervisory employees in their capacity as

agents of the employer.  *See* <u>Hinson v. Clinch County Bd. of Educ.</u>, 231 F.3d 821, 827 (11th Cir. 2000) (noting that individual defendants are not proper defendants in Title VII action); <u>Mason v. Stallings</u>, 82 F.3d 1007, 1009 (11th Cir. 1996) (holding that individual liability is precluded for violations of section 12112(a) because "[t]he definition of 'employer' in the Disabilities Act is like the definition[ ] in Title VII . . . [and] [t]his Circuit has previously held that there is no individual responsibility under either of those Acts").  Accordingly, Plaintiff may not sue a Defendant in his individual capacity in this action but rather may only bring suit against him in his official capacity.

Additionally, in general "a party not named in the EEOC charge cannot be sued in a subsequent civil action," <u>Virgo v. Riviera Beach Assocs., Ltd.</u>, 30 F.3d 1350, 1358 (11th Cir. 1994); 29 C.F.R. § 1601.12(a)(2) (a complainant is required to identify the name of the person in her charge against whom the charge is made), although the Eleventh Circuit liberally construes this naming requirement.  *See* <u>Virgo</u>, 30 F.3d at 1358.  A party unnamed in the EEOC charge may be subjected to a federal court's jurisdiction where the purposes of Title VII are fulfilled.  <u>Id.</u> at 1358–59.  To determine whether Title VII's purposes are satisfied, courts may consider the similarity of interest between the named party and the unnamed party; whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; whether the unnamed parties received adequate notice of the charges; whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.  <u>Id.</u> at 1359.

In this case, Plaintiff's right to sue letter indicates that she named only the Okaloosa County School District in her charge of discrimination.  It therefore appears that the only proper Defendant in this case is the Okaloosa County School District.  Even if Plaintiff were permitted to sue the other Defendants in their official capacities despite having failed to name them in the charge of discrimination, she may only sue persons who hold supervisory positions.  The allegations of the complaint reflect that Mr. Barlow is one of Plaintiff's co-workers.  It appears that only Mr. Coleman, and perhaps Mr. Farley, occupy supervisory positions with the School District.

In her amended complaint Plaintiff should name as Defendants, and assert allegations against, only entities or persons whom she can identify as proper Defendants in the case.  The Okaloosa County School District is appropriately named; Mr. Barlow, however, clearly is not and

should be dropped from the case. Plaintiff should also carefully consider the court's instructions, above, in determining whether in the amended complaint she should name Mr. Coleman and Mr. Farley as Defendants.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a form for use in Title VII cases.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended complaint, which shall be typed or clearly written and submitted on the court's Title VII form. A copy of Plaintiff's right to sue letter should be attached. On the Title VII complaint form, Plaintiff may also include any claims she wishes to assert under the Americans with Disabilities Act.

**DONE AND ORDERED** this 6th day of August 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**