IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TOYOKA K. PARSONS,
    Plaintiff,

vs.                                         Case No. 3:09cv254/WS/EMT

OKALOOSA COUNTY
SCHOOL DISTRICT,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff Toyoka K. Parsons ("Parsons") proceeds pro se in this action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, against her former employer, Defendant Okaloosa County School District ("the District"). She has paid the filing fee (Doc. 7). Due to Parsons' pro se status this matter was referred to the undersigned for all preliminary orders and the filing of a Report and Recommendation. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). Now before the court is the District's motion to strike Parsons' claim for punitive damages (Doc. 21, memorandum in support at Doc. 28), to which Parsons has responded in opposition (Doc. 29). For the reasons stated below, the court recommends that the District's motion be granted.

**Background**

    Parsons' amended complaint contains the following allegations (Doc. 13). Parsons was employed by the District as a teacher's aide at Crestview High School from November 2002 until November 2007 (*id.* at 3–4). She has a disability, specifically, a back condition. According to Parsons, she suffered discrimination on the basis of her gender and her disability when her supervisor

harassed her (including one incident involving some physical contact and numerous incidents involving inappropriate "staring," "grinning," and other acts), and the school principal failed to correct the supervisor's conduct (*id.* at 4–5, 7–8); additionally, the principal refused to accommodate her need for restrictions on lifting, pushing, pulling, or repetitive bending due to her back condition, instead attempting to force her to accept a position at another school (*id.*). Parsons' efforts to file a grievance or seek the intervention of higher-level District officials in connection with these acts or omissions were thwarted by other school personnel and apparently were followed by other incidents of harassment and repeated suggestions that she transfer to another school (*id.*). As relief for the alleged discrimination she suffered during her employment, Parsons seeks punitive damages; payment for unpaid leave taken to attend doctors' appointments; damages for "pain from injury to hip and lower back, treatment for traumatic stress disorder as a result of treatment at Crestview High School"; monetary damages for "[p]ain and suffering"; and litigation costs and fees (*id.* at 6).

Pursuant to Fed. R. Civ. P. 12(f) the District moves to strike Parsons' claim for punitive damages on the ground this demand for relief is impertinent (Doc. 21 at 1). According to the District, it is a government agency within the meaning of 42 U.S.C. § 1981a(b)(1),[1] which statute does not permit punitive damages against such entities (*see* Doc. 28 at 2–3). Therefore, the District argues, Parsons' demand for punitive damages must be stricken from her amended complaint.[2] Parsons responds that, "due to the negligence and unprofessional actions" alleged in the amended

---

[1] 42 U.S.C. § 1981a(b)(1) provides:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1).

[2] The District acknowledges that the proper procedural mechanism to attack the language or sufficiency of the allegations of a complaint may not be a motion to strike pursuant to Rule 12(f) but rather a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 28 at 1). The District contends that proceeding pursuant to Rule 12(f) is proper here, however, because it does not challenge whether Parsons' allegations state a cause of action but rather only whether, if Parsons were successful on those allegations, she would be entitled to an award of punitive damages. Regardless, whether its motion is considered under Rule 12(f) or Rule 12(b)(6) the District contends that the motion should be granted. As discussed herein, the court agrees.

Case No. 3:09cv254/WS/EMT

complaint, "it is justifiable in a moral and legal conscience [sic] to award punitive damages and set forth a higher standard for education institutions and the employees within" (Doc. 29 at 1).

**Discussion**

Under Fed. R. Civ. P. 12(f), a court may, on its own motion or by motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (stating that "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial") (*rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)). Some courts and commentators have concluded that a motion to strike pursuant to Rule 12(f) is the appropriate method of challenging a prayer for relief that is not available under the applicable law. *See, e.g.,* Hodge v. Orlando Utilities Comm'n, 2009 WL 4042930, at *3 (M.D. Fla. 2009); Gay-Straight Alliance Network v. Visalia Unified School Dist., 262 F. Supp. 2d 1088, 1110 (E.D. Cal. 2001); and 2 Moore's Federal Practice ¶ 12.37[3] (3d ed. 2009) ("[M]otions to strike requests for certain types of relief, such as punitive or compensatory damages, are generally granted if such relief is not recoverable under the applicable law"). Others—including this court—have determined that, depending on the circumstances, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is the proper means by which to raise such a challenge. *See* Beaulieu v. Bd. of Trustees of Univ. of W. Fla., 2007 WL 2099332 (N.D. Fla. 2007) (adopting without modification that part of magistrate judge's Report recommending that claim of entitlement to punitive damages was properly challenged pursuant to Rule 12(b)(6) rather than Rule 12(f)); *see also* Lahey v. JM Mortg. Servs., Inc., 2000 WL 420851 (N.D. Ill. 2000) (stating that "[a] claim for punitive damages does not fall under an 'insufficient defense or any redundant, immaterial, impertinent, or scandalous matter,' as set forth in Rule 12(f). Rather, the correct Rule under which a defendant asserts that a plaintiff is not entitled to punitive damages, is Rule 12(b)(6)." *Id.* at *7 (citing Driveaway and Truckaway Serv., Inc. v. Aaron Driveaway and Truckaway Co., Inc., 781 F. Supp. 548, 549–50 (N.D. Ill. 1991)). A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In essence, a movant says,

'Even if everything you allege is true, the law affords you no relief.'" Johnson v. Fleet Fin., Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992). In deciding a motion to dismiss under Rule 12(b) (6), the non-movant's allegations must be presumed true and all reasonable inferences must be construed in the light most favorable to her.  Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 53 L. Ed. 2d 557 (1977).  A claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007).

Regardless of whether the District's motion is considered pursuant to Rule 12(f) or pursuant to Rule 12(b)(6), it is clear that Parsons cannot pursue a claim for punitive damages in this case. First, under the plain language of 42 U.S.C. § 1981a(b)(1), government entities are exempt from punitive damages under both Title VII and the ADA. *See, e.g.,* Scott v. Estes, 60 F. Supp. 2d 1260, 1274 (M.D. Ala. 1999); Biggs v. State of Fla. Bd. of Regents, 1998 WL 344349 (N.D. Fla. 1998); McLaughin v. Rose Tree Media School Dist., 1 F. Supp. 2d 476, 483 (E.D. Pa. 1998).  Second, the District is a government agency within the meaning of § 1981a(b)(1). Federal law determines whether an entity is a "government agency" under this statute, but courts may look to state law in order to understand the entity's "organization and structure as it relates to state and local government."  Hodge, 2009 WL 4042930, at *7 (citing, among other cases, Morley v. N.C. Dep't of Health & Human Services/Broughton Hosp., 171 F. Supp. 2d 585, 591 (W.D.N.C. 2001) (holding that state law defined defendant hospital as a "government agency" and thus hospital was exempt from punitive damages under § 1981a(b)(1)); Hodoh-Drummond v. Summit County, 84 F. Supp. 2d 874, 885 (N.D. Ohio 2000) (holding that defendant county was a political subdivision as defined by state statute and therefore exempt from punitive damages under § 1981a(b)(1)); and McClenney v. Campbellton Graceville Hosp., 1999 WL 334772 (N.D. Fla. 1999) (citing Florida law and the acts of the Florida Legislature in concluding that defendant hospital was a political subdivision and thus exempt from punitive damages pursuant to § 1981a(b)(1)).  In the instant case, § 120.52, Fla. Stat., defines an agency as, *inter alia*,  an "educational unit," and it includes as "educational unit[s]" local school districts.  §120.52(1)(b)(7) and (c)(6), Fla. Stat.; *see also*  L.B. Bryan & Co. v. Sch. Bd. of Broward County, 746 So. 2d 1194, 1196 (Fla. 1st DCA 1999) (describing Broward County School

Board as an agency under Chapter 120 of Florida statutes).

**Conclusion**

The District is exempt from punitive damages under the authority of 42 U.S.C. § 1981a(b)(1), and thus as a matter of law Parsons' request for punitive damages cannot stand. The District's motion therefore is due to be granted.

Accordingly, it is respectfully **RECOMMENDED**:

That the motion to strike filed by Defendant Okaloosa County School District (Doc. 21) be **GRANTED**.

At Pensacola, Florida, this 30th day of March 2010.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**